UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DREACY J. ARMSTRONG,**

           **Plaintiff,**

v.                                             Case No. 24-CV-586

**WAUKESHA COUNTY JAIL NURSING STAFF,**

           **Defendants.**

---

## REPORT AND RECOMMENDATION

---

Plaintiff Dreacy J. Armstrong, a prisoner confined at Oshkosh Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On July 2, 2024, the court screened Armstrong's complaint and found he failed to state a claim upon which relief may be granted. (ECF No. 8.) However, the court gave Armstrong an opportunity to amend his complaint. On July 15, 2024, Armstrong filed an amended complaint. (ECF No. 11.)

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The clerk of court shall

therefore randomly assign this matter to a district judge for consideration of the recommendations outlined below.

## REPORT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

2

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Armstrong's Allegations*

Armstrong alleges that on December 13, 2023, while incarcerated at the Waukesha County Jail, he was screened for mental health issues by a Jane Doe Health Services Unit (HSU) staff member who was not hired to work in a Psychological Services Unit (PSU) capacity. (ECF No. 11 at 2.) Doe asked about Armstrong's mental health concerns over the intercom system. (*Id.*) When Armstrong told her he did not feel comfortable discussing these issues over the intercom system because they could be overheard by other prisoners, and asked if he could submit a PSU form instead, she refused. (*Id.*) Doe instructed Armstrong to continue to explain his issues over the intercom. (*Id.* at 2-3.) After the interview with Doe, other prisoners around Armstrong's cell told him they overheard his conversation with Doe and no longer felt comfortable around him. (*Id.* at 3.) When Armstrong filed a grievance about his interaction with Doe, he learned that Waukesha County Jail does not have

3

PSU staff. (*Id.*) Armstrong feels that, without PSU staff, the Jail could not properly treat his mental health needs. (*Id.*)

*Analysis*

Armstrong asserts that Doe violated his constitutional rights when she made him speak about his mental health issues over the intercom within ear shot of other prisoners. When the court gave Armstrong the opportunity to amend his complaint, it noted that, while he does not state a HIPAA claim, he may state a claim for deliberate indifference to his mental health needs. (ECF No. 8 at 4.) The court instructed Armstrong to detail what each individual defendant did or did not do to provide him mental health treatment and the impact it had on him. (*Id.*)

Armstrong did not do so. At most, he states that, because the Jail did not have PSU staff, it could not treat his mental health needs. He does not describe what his mental health needs were, what treatment the Jail staff failed to provide, and what negative impacts the lack of treatment had on him. As such, Armstrong does not allege a deliberate indifference to mental health needs under the Eighth Amendment, or if he was a pretrial detainee, that the Jail staff acted objectively unreasonable in treating his mental health needs. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by prisoners). Assuming he was a pretrial detainee, he would have had to allege, at minimum, allege that (1) "he suffered from an objectively serious medical condition" and (2) "the staff's response to it was objectively unreasonable."

4

*Williams v. Ortiz*, 937 F.3d 936, 942-943 (7th Cir. 2019). Because Armstrong did not give details about his mental health needs nor did he describe how the Jail staff responded to his mental health needs, despite the court's clear instruction to do so, he does not state a claim.

Armstrong also does not state a claim that Doe's violation of his privacy amounts to a violation of his constitutional rights. The Seventh Circuit Court of Appeals "has not explicitly recognized a right to medical privacy for inmates." *Dragisich v. Racine County Jail*, Case No. 20-CV-1465-JPS, 2021 WL 2779123 at * 3 (E.D. Wis. July 2, 2021) (citing *Franklin v. McCaughtry*, 110 Fed. App'x 715, 718-719 (7th Cir. 2004)). Assuming Armstrong was a pretrial detainee, he would have to allege that the violation of his privacy amounted to punishment. *Id.* (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Armstrong does not do so.

The court determines that Armstrong fails to state a claim upon which relief may be granted, and the case should be dismissed.

**IT IS THEREFORE RECOMMENDED** that

- the case be dismissed for failure to state a claim upon which relief be granted and judgment entered accordingly;
- Armstrong incur a strike under 28 U.S.C. § 1915(g).

E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional

5

are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 31st day of October, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge

---

Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.